ANNA JABLONOR, as Administratrix, etc., of THEODORE JABLONOR, Deceased, Appellant, *v.* THE VILLAGE OF ROCKVILLE CENTRE, Respondent.

*Villages — action to recover for death of plaintiff's intestate who was killed through defect in highway at or near bridge approach — not error to set aside verdict in favor of plaintiff on ground that defect was in bridge approach, though one charge of negligence was failure to give notice of defect.*

Appeal from a judgment of the Supreme Court in favor of the defendant, entered in the Nassau county clerk's office October 30, 1924, pursuant to an order made at the Nassau Trial Term and entered on the same day, setting aside the verdict of a jury theretofore rendered in favor of the plaintiff, for $6,500 and dismissing the complaint.

Judgment and order affirmed, without costs. No opinion. Rich, Manning, Young and Kapper, JJ., concur; Kelly, P. J., reads for reversal and a new trial.

Kelly, P. J. (dissenting): In my opinion there was an issue of fact for the jury in this case; that is, conceding that the defect in the roadway which brought about the death of plaintiff's intestate was in the approach to the bridge constructed and to be maintained by the town and not by the village; still, it seems to me, the village owed a duty to travelers on the village highway to warn them that this hole or trap was in the way. The village provided a highway running east and west. In that highway the town of Hempstead constructed a bridge over the stream known as Milk river and built approaches on either side of the bridge structure proper. The learned trial justice with some hesitation left it to the jury to say whether the hole in the road was in the artificial approach, instructing them that if it was, the village was not liable. The jury found for the plaintiff and the learned justice set the verdict aside and dismissed the complaint upon the merits, holding as matter of law that the defect was in the approach to the bridge. I think the learned justice was right in his ruling that the defect was in the approach and that on the theory upon which the case was submitted to the jury the verdict cannot stand. But one of the charges of negligence made against defendant in the complaint was failure to give warning of the existence of the defect, and there was evidence that it had existed for some time. A traveler on the village highway in the night time was, it seems to me, entitled to some notice or warning that in this comparatively small segment of the road for which the village was not responsible, there existed this dangerous condition, or a jury might say that the village should have erected some barrier and turned travelers using the village highway in good faith to some other route. I think that it was error to dismiss the complaint and that the verdict of the jury should be set aside and a new trial granted. _____